UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:15-cv-100-DLB

SCOTTIE W. SIZEMORE,                                                             PLAINTIFF,

v.                 **MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

NATIONSTAR MORTGAGE, LLC,                                  DEFENDANT.

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendant Nationstar Mortgage, LLC's Motion to Dismiss Plaintiff Scottie W. Sizemore's *pro se* complaint. [R. 19]. It is has been referred to the undersigned for preparation of a report and recommendation. [R. 3]. In its motion to dismiss, Defendant asserts that the complaint is "an impermissible shotgun pleading" based on "blatantly false factual allegations" intended to impede Defendant's state court foreclosure action. [R. 19]. Alternatively, Defendant's motion requests dismissal based on application of an abstention doctrine established in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), due to the presence of the parallel state court action. [Id.]. For the reasons below, and because abstention is proper here under the Colorado River doctrine, Defendant's motion to dismiss should be granted to the extent it seeks abstention, but denied without prejudice to the extent it seeks an outright dismissal.

BACKGROUND & PROCEDURAL HISTORY

As a backdrop to this litigation, the parties are currently involved in a related Kentucky

1

state court foreclosure action pending in Harlan County Circuit Court, Nationstar Mortgage LLC v. Scottie W. Sizemore, No. 13-CI-00262, originally filed in 2013, in which default judgment of foreclosure was granted in Defendant's favor in June 2015 and that Plaintiff is seeking to set aside. [See R. 19-3 at 2]. The state court action is a dispute over whether Defendant had, and continues to have, the right to foreclose on Plaintiff's property. Defendant reports that the state court foreclosure action has been ongoing for "well over two years" before Plaintiff filed the present action. [R. 19-1 at 9]. As of the last notification, the state court is entertaining "dueling motions" regarding default judgment. [Id. at 8].

In the present action, Plaintiff filed his Complaint on June 11, 2015, alleging various unlawful acts surrounding his attempt to obtain a mortgage loan modification under the Home Affordable Modification Program (HAMP). [R. 1]. Under the HAMP program, individuals may modify their mortgage payments to be more affordable and sustainable in the long-term, but first they must timely make at least three monthly "trial period payments" under a trial period plan (TPP) to be offered a permanent mortgage modification. See Bennett v. Bank of America, N.A., 126 F. Supp. 3d 871, 882 (E.D. Ky. 2015) (detailing the HAMP and TPP procedures). Specifically, Plaintiff's Complaint makes five claims related to a TPP he allegedly formed with Defendant: breach of contract under the federal HAMP program, breach of contract under Kentucky law, fraud, intentional infliction of emotional distress, and unjust enrichment. [R. 1]. He claims that Defendant operated a "fraudulent scheme" whereby its mortgage modification program would only superficially comply with federal law and place homeowners in "injurious" positions, allowing Defendant to "avoid honoring [its] commitments." [R. 1 at 1]. Plaintiff claims that, after falling behind on his mortgage obligations in 2013, he contacted a loan servicing company, and

2

ultimately Defendant, to set up a "trial [period] plan payment" under HAMP. [R. 1 at 3]. As described above, the TPP would allow Plaintiff to "make monthly payments" to Defendant for three months that would culminate in a "permanent modification" agreement, creating a more sustainable way for him to meet his mortgage obligations and avoid foreclosure. Plaintiff claims that he made his TPP payments, that their receipt was confirmed, but that Defendant never permanently modified his mortgage. To support these claims, Defendant states that he has attached relevant documents, as Exhibits A through G, to the Complaint. [R. 1 at 4-5]. However, Defendant never attached these documents. Instead, he attached cover sheets without documents, except in two instances where he attached a few pages from his current loan documents and a deed of trust and note documentation for an individual named "Jeffery Peoples, Sr." [See R. 1-1]. No documentation evidencing a TPP or HAMP agreement between the parties was attached.

Noticing this and other deficiencies in the Complaint, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). [R. 19-1]. Defendant alternatively seeks dismissal based on application of the Colorado River abstention doctrine due to the pendency of the state court litigation between the parties involving the same foreclosure. [R. 19-1 at 7-9].

## STANDARD OF REVIEW

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court construes a complaint in the light most favorable to the plaintiff, accepting all factual allegations as true while determining whether the complaint creates a plausible claim for relief on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The standard for the "plausibility" of

3

a complaint requires greater specificity than those complaints that are "merely conceivable" or "speculative." Id. at 555.

Motions to dismiss may also properly raise the issue of abstention, although the application of that doctrine "is the exception, not the rule." Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976). However, "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998) (quoting Colorado River, 424 U.S. at 817).

For Colorado River abstention to apply, a "parallel" state court proceeding must exist. Crawley v. Hamilton Cnty. Comm'rs, 744 F.2d 28, 31 (6th Cir. 1984). If there is a parallel proceeding, the Supreme Court has defined eight factors that must be considered: (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. Romine, 160 F.3d at 340–41 (citing Colorado River, 424 U.S. at 818–19).

The Court is mindful that these factors are not a "mechanical checklist"—instead, they should be carefully balanced and determined under the facts of the specific case. See id. at 341 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15–16 (1983)); see also Woody's Rest., LLC v. Travelers Cas. Ins. Co. of Am., 980 F. Supp. 2d 785, 786-87 (E.D. Ky. 2013).

4

ANALYSIS

Defendant's motion requests dismissal for three reasons. [See generally R. 19-1]. First, Defendant seeks to dismiss the Complaint based on its "shotgun pleading" appearance and failure to meet the federal pleading standards under Twombly and the Federal Rules of Civil Procedure 8 and 9. This first argument emphasizes the Complaint's lack of exhibits, which are referenced at length but not attached to the pleading. [Id. at 6]. Second, Defendant asks this Court to abstain and dismiss this action under the Colorado River abstention doctrine due to the state court foreclosure action pending between the parties. Third and finally, the Defendant seeks dismissal of all claims based upon their failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [Id. at 10].

Because the argument related to abstention is well-taken, and for the reasons that follow, the Court will grant Defendant's motion to dismiss to the extent that this matter shall be stayed pending resolution of the state court proceeding. The remaining arguments in the motion to dismiss will be denied without prejudice, as they are precluded by the stay of this federal proceeding.

***Application of the Colorado River Abstention Doctrine***

Under the abstention doctrine announced in Colorado River, in consideration of judicial economy, resources, and federal-state comity, the Court may choose to abstain "in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998) (citing Colorado River, 424 U.S. at 817).

The threshold question in the Colorado River analysis is whether the federal and state court actions are "parallel." Romine v. Compuserve Corp., 160 F.3d 337, 339 (6th Cir. 1998) (citing Crawley v. Hamilton Cty. Comm'rs, 744 F.2d 28 (6th Cir. 1984)). The actions must be considered parallel "where (1) the parties are substantially similar and (2) [the parties'] claims . . . are

5

predicated on the same allegation as to the same material facts[.]" Id. at 340. If the actions are found to be parallel, then the Court must balance the eight Colorado River factors to determine if abstention is appropriate. Id. at 340-41.

Initially, the undersigned notes that one court sitting in the Eastern District of Kentucky has previously applied the Colorado River abstention doctrine in circumstances similar to the case at hand. In Healy v. Fifth Third Mortgage Co., No. 5:10-CV-348-KSF, 2011 WL 577385 (E.D. Ky. Feb. 9, 2011), the court granted a defendant's motion to dismiss to the extent that it requested abstention rather than grant the motion on Rule 12(b)(6) grounds. Id. at *5. As here, the Healy court was faced with the question of abstaining when a pending state court foreclosure action appeared to be substantially similar to the pending federal action. Id. at *1-2. The court found the actions to be parallel because the foreclosure action involved the same parties and similar claims, while arising out of the same residential mortgage contract. Id. at *3. Both cases involved the underlying issue of whether the defendant could proceed with its foreclosure. Therefore, in Healy, the court found the actions to be sufficiently parallel, chose to abstain under the Colorado River doctrine, and granted the motion to dismiss to that extent. Id. at *5.

Here, the undersigned finds that the characteristics of the federal and state court actions are akin to those at issue in Healy, and likewise finds them to be sufficiently parallel. First, like Healy, both cases arise out of the same residential mortgage contract, see id. at *3, as well as the purported loan modification negotiation. [R. 19-3]. Second, the parties—Mr. Sizemore and Nationstar—are identical in both actions. Although Plaintiff attempts to deny this fact in conclusory fashion, [R. 24 at 6], he is mistaken because the record shows that Defendant was substituted as the plaintiff in the state court foreclosure action. [R. 19-2 at 2, 5]. Thus, the parties are precisely the same in both

6

actions. Third, the claims are "substantially similar" in that they arise out of the same action: Defendant's foreclosure of Plaintiff's property. In the state court action, the existence and negotiation of a loan modification is, by Plaintiff's own admission, centrally at issue, [see R. 19-3 at 2-4], and the loan modification is the basis of his claims in federal court. If the claims in both actions are predicated on the same material facts, then the Court should lean in favor of the actions being parallel. See, e.g., Romine, 160 F.3d at 340.

Finally, Plaintiff's objection to the abstention issue provides only a brief and token argument for why the two actions are not parallel: he argues that the parties are not the same in both actions,[1] and that he was never properly served in the state court action. [See R. 24 at 6]. As noted, his contentions are entirely contradicted by the record. [See R. 19-2 at 4]. Given that the parties are identical in both actions and that the subject of the litigation involves the same event, and in light of the fact that exact parallelism is not required, the undersigned finds the federal and state actions to be sufficiently parallel.

After finding that the state and federal actions are parallel, the Court must turn to the formal analysis of whether Colorado River abstention is appropriate. See Romine, 160 F.3d at 340-41. As noted, the Supreme Court has announced eight factors to guide the Court's analysis. Id. at 341. But, again, these factors are not to be used as a "mechanical checklist"; rather, they are case-specific and require "careful balancing." Id. at 340-41. As will be discussed below, most of the factors weigh in favor of abstention.

---

1 Even assuming, *arguendo*, that Plaintiff's arguments are true, they would not defeat the need for abstention here because, under the Colorado River doctrine, the parties need only be substantially similar, not identical, for the actions to be "parallel." Romine, 160 F.3d at 340.

7

The first factor is whether the state court has assumed jurisdiction over any *res* or property. Here, the federal case involves allegations surrounding foreclosure of a property over which the state court foreclosure action has assumed jurisdiction. Also, Defendant ultimately obtained an *in rem* foreclosure judgment in that proceeding. [R. 19-1 at 8]. Thus, the first factor weighs in favor of abstention.

The second factor asks the Court to decide whether the federal forum is less convenient to the parties. Here, with the state court action being in the circuit court of Harlan County, Kentucky, and this federal action being based in London, Kentucky, causes no meaningful inconvenience to the parties, no matter which action proceeds. Thus, this factor militates against abstention.

The third factor concerns avoiding "piecemeal litigation," or, put another way, the Court should avoid adjudicating identical issues and potentially rendering conflicting results. Romine, 160 F.3d at 341. This factor may be "paramount," see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15–16 (1983), especially when the parallel cases depend on resolution of the same issues. Romine, 160 F.3d at 341. Here, in the state court proceeding, Defendant has attempted to enforce its right to foreclosure; meanwhile, this federal action asks the Court to find the circumstances around that action unlawful. Thus, the threat of potentially rendering conflicting results is high. The third factor weighs heavily in favor of abstention.

The fourth factor concerns the order in which jurisdiction was obtained, with the earlier adopting court taking primacy. Here, the state court proceeding began over three years ago, on May 7, 2013. The instant action was filed on June 11, 2015. Thus, the state court acquired jurisdiction over two years before this Court. The fourth factor weighs in favor of abstention.

The fifth factor asks whether the source of governing law is state or federal. Here, the issues raised by Plaintiff – breach of contract, fraud, intentional infliction of emotional distress, and unjust enrichment – are all state tort claims that sound in Kentucky law. Although Plaintiff claims a federal cause of action – breach of contract under HAMP, [R. 1], – it is well-settled that HAMP does not provide a plaintiff with a private right of action. See, e.g., Campbell v. Nationstar Mortgage, 611 F. App'x 288, 300 (6th Cir. 2015) ("HAMP does not provide plaintiffs with a private right of action[.]"); Brown v. Bank of New York Mellon, No. 1:10-CV-550, 2011 WL 206124, at *2 (W.D. Mich. Jan. 21, 2011) (stating that "[a]ll of the district courts that have considered the issue have held that homeowners do not have a private right of action under HAMP for denial of a loan modification" and compiling cases). Thus, the only potential claims brought by Plaintiff will sound in state law, not federal law. The fifth factor therefore weighs in favor of abstention.

The sixth factor concerns the adequacy of the state court action to protect the federal plaintiff's rights. Here, the fact that both courts must consider the propriety of foreclosure leans in favor of abstention. Although the Court has not received notification of the status of Plaintiff's motion in state court to file his counterclaim, it seems reasonable that those counterclaims will encompass his claims here in federal court. As alluded to above, those claims wholly sound in state law, and are most properly litigated as compulsory counterclaims in that action. Thus, the undersigned finds with reasonable certainty that Plaintiff's rights could be or are adequately protected in the state court action.

The seventh factor asks the Court to review the relative progress of the state and federal proceedings. Although the instant case is less than a year old, and has not progressed past the

9

Complaint and the motion to dismiss, the state court proceeding is over three years old and Plaintiff is seeking to set aside the judgment. [See R. 19-3]. Moreover, Defendant states that it has already "spent thousands of dollars in legal fees" litigating in state court, and that it would be "unfairly prejudicial to force [it] to incur similar, if not more, expense" in this action. [R. 19-1 at 9]. Given that the state court action was pending for two years before the filing of this federal action, Defendant's assertion is well-taken.[2] Thus, this factor, too, weighs heavily in favor of abstention.

The eighth and final factor to consider is the presence or absence of concurrent jurisdiction. Here, putting aside discussion of the HAMP claim that is impermissible for the reasons stated, this Court has concurrent jurisdiction over any potentially meritorious claims that sound in state law between these diverse parties. Like the second factor, the presence of concurrent jurisdiction does not necessarily weigh in favor of exercising jurisdiction or abstention, and thus may lean against abstention. Accord Red Roof Inns, Inc. v. A.C. Furniture Co., No. 2:10-CV-525, 2012 WL 628541, at *8 (S.D. Ohio Feb. 27, 2012).

Therefore, on balance, the vast majority of the above factors weigh heavily in favor of abstention under the Colorado River doctrine. Moreover, as Defendant aptly points out, Plaintiff's only potential claims here are state issues and would most properly be brought as counterclaims in the state court action. [R. 19-1 at 7]. Again, the Court notes that Plaintiff has filed a motion in the state court proceeding seeking permission to file a late counterclaim. [See R. 19-3 at 4]. His doing so would completely obviate the need for this litigation, and thus abstaining here will avoid piecemeal litigation and waste of judicial resources. The presence of these facts only bolsters the

---

2 The Court should also note at this juncture that Plaintiff's response did not address this factor—or any of the eight Colorado River factors—and thus does not dispute the fairness of avoiding redundant legal fees in federal court. [R. 24 at 6].

10

Court's decision to abstain in light of the above Colorado River factors and the relative progress of the state court proceedings.

*To Stay or Dismiss*

Having found that abstention is appropriate, the Court will stay rather than dismiss this action without prejudice. See Bates v. Van Buren Twp., 122 F. App'x 803, 808 (6th Cir. 2004). Although Defendant seeks an outright dismissal, issuing a stay is the preferred approach given the "well-settled" circuit law on the issue. Id. at 809; Healy v. Fifth Third Mortgage Co., No. 5:10-CV-348-KSF, 2011 WL 577385, at *5 (E.D. Ky. Feb. 9, 2011). Although, "[f]unctionally, the difference between a stay and dismissal without prejudice is small," a stay is preferable to dismissal because a stay permits the Court to retain jurisdiction, the parties may return to a judge who is already familiar with the case, and concerns over the statute of limitations are lessened. Bates, 122 F. App'x at 808-09. Consequently, this action will be stayed rather than dismissed. The parties should note that determinations of the state court proceeding's preclusive effects will be determined by this Court at the appropriate time, and that "[a]ny party that still has a claim for which it is entitled to a federal forum and is not barred by *res judicata* may therefore return upon conclusion of the state court proceedings." Red Roof Inns, Inc. v. A.C. Furniture Co., No. 2:10-CV-525, 2012 WL 628541, at *8 (S.D. Ohio Feb. 27, 2012).

## CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss, [R. 19], should be **DENIED WITHOUT PREJUDICE** with respect to its request for dismissal based on Federal Rules of Civil Procedure 8, 9, and 12(b)(6), but the motion to dismiss, [R. 19], should be **GRANTED** to the extent that it seeks application of the Colorado River abstention doctrine with

the modification that this matter shall be **STAYED** pending resolution of the state court action rather than dismissed without prejudice.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 27, 2016.



Signed By:
Edward B. Atkins    EBA
United States Magistrate Judge

12